**JUDGE KATHLEEN CARDONE**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **EL PASO INDEPENDENT SCHOOL DISTRICT**<br>**Plaintiff**<br><br>v.<br><br>**Richard R., as next friend of R.R., et. al.**<br>**Defendants** | §<br>§<br>§<br>§   CIVIL ACTION NO. _____<br>§<br>§<br>§<br>§<br>§   EP07CA0125<br>§<br>§ |

## PLAINTIFF'S FIRST ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff El Paso Independent School District ("El Paso ISD," "EPISD" or "the District") and files its First Original Complaint and in support of such would show the following:

### I. Nature of Case

1. EPISD appeals the decision of a Special Education Hearing Officer for the State of Texas, entered in Docket No. 022-SE-0906, styled *Richard R. b/n/f Elvia R., Petitioner v. El Paso Independent School District, Respondent*, and further seeks to recover its attorneys' fees and other relief as stated more specifically below.

### II. Parties

2. Plaintiff, El Paso Independent School District is a public independent school district and political subdivision of the State of Texas located within El Paso County, Texas and operating wholly within the United States Western District of Texas, El Paso Division.

3.  Defendant, Richard R. is the parent and next friend of R.R., and may be served at his residence at 3619 Idalia, El Paso, Texas 79930.

4.  Defendant, Mark Berry, served as the attorney of record for the parents of R.R. in the underlying special education due process hearing, and may be served at his place of business located at 4171 N. Mesa, Suite B-202, El Paso, Texas, 79902.

### III. Jurisdiction

5.  Jurisdiction is appropriately conferred upon this Court pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1415(i)(2) and (3). Jurisdiction is also proper under 28 U.S.C § 1331.

### IV. Venue

6.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

### V. Facts

7.  A request for a special education due process hearing was filed by Defendants on September 26, 2006, alleging that R.R., a fourteen year old student attending EPISD suffered from AD/HD. Defendants alleged that for at least four years they referred R.R. for special education at EPISD and asked for an evaluation. Defendants sought as relief: (i) an order from the Hearing Officer that EPISD refer R.R. to special education and provide him a full individual evaluation; (ii) an order from the Hearing Officer that EPISD provide prior written notice to R.R.'s parents whenever the school district proposes to initiate or change, or refuses to initiate or change, the identification, evaluation or educational placement of R.R., or the provision of a free appropriate public education to the child; (iii) an order that EPISD provide R.R.'s parents the notice of procedural safeguards; (iv) an order that EPISD conduct an Admission, Review, and

Dismissal Committee Meeting, and (v) an award of reasonable attorneys' fees.

8.  The evidence showed that Defendant's allegations that for at least four years they had referred R.R. for special education at EPISD and asked for an evaluation were erroneous. The evidence showed that R.R. began receiving special education services from EPISD in February 1997 and was dismissed by agreement from special education in January 1998. The evidence showed that R.R. received a full individual evaluation for special education in the spring of 2001. The evidence showed that the STAT committee, which included R.R.'s mother, all agreed on October 20, 2005, that special education referral or testing of R.R. was not warranted. The evidence showed that on September 1, 2006, the EPISD Campus 504 Review Committee, which included R.R.'s father, convened to discuss R.R. The evidence showed that R.R.'s parents did not request a referral for special education or an evaluation at this September 1, 2006 meeting.

9.  The evidence showed that it was not until September 18, 2006, that R.R.'s parents requested EPISD to convene another Section 504 meeting to discuss changes in R.R.'s accommodations, referral for special education and a possible due process hearing. The District scheduled the requested Section 504 meeting for September 25, 2006. Defendants cancelled this scheduled Section 504 meeting approximately forty minutes prior to the beginning of the meeting.

10. Rather than attempting to reschedule the Section 504 meeting they had requested so as to process the special education referral requested by the father on September 18, 2006, Defendants filed a request for a special education due process hearing with the Texas Education Agency on September 26, 2006.

11. The evidence showed that EPISD had not refused to take any of the actions

3

Defendants asked the Hearing Officer to order it to take in their request for a special education due process hearing. The evidence showed that the District did not refuse to evaluate R.R. and that the Defendants ultimately received no more relief from the Hearing Officer than that which EPISD had been prepared to offer at the September 25, 2006, Section 504 meeting. The evidence showed that prior to the parents' cancellation of the Section 504 meeting, the District had prepared a Section 504 packet which included special education referral documents and notification for the parents of the procedural safeguards. The evidence showed that the District was also willing to refer R.R. for a full individual evaluation, upon proper notice and consent.

12. Defendants received no more relief from the Hearing Officer than what was offered by EPISD in its Response to Defendants' request for a special education due process hearing. The District's Response clearly notified Defendants that the District was willing to provide all relief the requested the Hearing Officer to order it to take. The District's Response clearly notified Defendants that the District was willing to refer R.R. for special education and provide him with a full independent evaluation, upon receipt of parental consent, as well as to continue to comply with the applicable statutes and regulations regarding the provision of prior written notice. The District included a copy of the procedural safeguards for the parents in its Response. Defendants refused to accept EPISD's offer.

13. The evidence showed that Defendants received less relief from the Hearing Officer than that which EPISD offered to Defendants at the resolution session held on October 11, 2006. At the resolution session, the District offered: (i) to conduct a full individual evaluation within sixty days of parents' consent to evaluate; (ii) to convene

4

and Admission, Review and Dismissal Committee meeting within thirty calendar days from the completion of the evaluation; (iii) to continue to comply with the applicable federal and state laws regarding the provision of prior written notice to parents; (iv) to continue to comply with the applicable federal and state laws regarding the provision of procedural safeguards to the parents; and (v) payment of attorneys' fees in the amount of $3,000.00. Defendants refused to accept EPISD's offer.

14. On October 20, 2006, EPISD filed a Motion to Dismiss asserting that all claims based on events occurring before September 26, 2005 are barred by the Texas statute of limitations, 19 Tex. Admin. Code § 89.1151(c), that the Hearing Officer had no jurisdiction to grant attorneys' fees, and that all remaining claims for relief brought by Defendants should be dismissed for ripeness, standing and mootness due to the District's full offer to provide all relief requested.

15. The evidence further showed that R.R. benefited from the SAT process and interventions when R.R. cooperated in the process and that R.R. benefited from tutoring when he participated in such.

16. The Hearing Officer properly determined that EPISD met its child find obligations in September 20, 2006 when it offered to conduct an evaluation.

17. The Hearing Officer did not find that EPISD denied R.R. a free appropriate public education.

18. The Hearing Officer did not grant attorney's fees as requested by the Defendants.

19. The Hearing Officer's decision was rendered on January 19, 2007. Since that time, Defendants have refused to accept from EPISD the lesser amount of relief ordered by the Hearing Officer on January 19, 2007. Defendants have prevented EPISD from

implementing the relief ordered by the Hearing Officer. This evidences the improper purpose for which Defendants initiated and continued to litigate their request for a due process hearing

### VI. Causes Of Action

20.   First Cause of Action. The Hearing Officer erred as a matter of law in allowing Defendants to proceed with their request for a due process hearing and refusing to dismiss the complaint based on ripeness, standing and mootness.

21.   Second Cause of Action. The Hearing Officer should have further dismissed this action due to Defendants' failure to exhaust their administrative remedies.

22.   Third Cause of Action. The Hearing Officer's determination and factual findings that the District should have referred R.R. for special education testing is erroneous and unsupported by a preponderance of the evidence.

23.   Fourth Cause of Action. The Hearing Officer's determination and factual findings that the District never provided notice of its refusal to evaluate R.R., nor provided a copy of the procedural safeguards to the parents is legally erroneous, contradictory, and unsupported by a preponderance of the evidence. The evidence showed that the District never refused to evaluate R.R., nor did it fail to provide procedural safeguard notices as required by the applicable law.

24.   Fifth Cause of Action. The Hearing Officer's determination and factual findings that the District violated the time lines for an initial evaluation and violated its Child Find obligations by failing to identify R.R. or provide for an evaluation in August 2005 is legally erroneous, contradictory, and unsupported by a preponderance of the evidence. The evidence showed that the District never refused to provide referrals when requested.

Even assuming, *arguendo*, that the parents had requested a referral in August 2005, any alleged failure to respond is outside the limitations period and should not have been considered by the Hearing Officer.

25. <u>Sixth Cause of Action</u>. EPISD seeks to recover its attorneys' fees incurred in both the underlying administrative matter and this proceeding against Defendant Richard R. EPISD seeks recovery of its attorneys' fees and costs of suit pursuant to 20 U.S.C. §1415(i)(3)(B)(i)(III) on the grounds that it is, or alternatively should be, a prevailing party and that Defendant Richard R.'s complaint or subsequent cause of action in this proceeding was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation. Plaintiff refused to accept the offers made by EPISD both prior to and during the due process hearing for improper purposes, including to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation. For all of the reasons stated herein, EPISD, as a prevailing party, is entitled to an award of its attorney's fees against Defendant Richard R. pursuant to 20 U.S.C. §1415(i)(3)(B)(i)(III).

26. <u>Seventh Cause of Action</u>. EPISD seeks to recover its attorneys' fees and costs of suit fees incurred in both the underlying administrative matter and this proceeding against Defendant's attorney, Mr. Mark Berry pursuant to 20 U.S.C. §1415(i)(3)(B)(i)(II) and 20 U.S.C. §1415(i)(3)(B)(i)(III). EPISD files its action against Defendant's attorney, Mr. Mark Berry pursuant to 20 U.S.C. §1415(i)(3)(B)(i)(II) on the grounds that EPISD is, or should be held a prevailing party and that Mr. Berry filed a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation. EPISD files its action against Defendant's attorney, Mr. Mark Berry, seeking recovery of its attorney's

fees pursuant to 20 U.S.C. §1415(i)(3)(B)(i)(II) on the grounds that EPISD is, or should be, a prevailing party and that Mr. Berry continued to litigate after the litigation clearly became frivolous, unreasonable or without foundation.

27.   Eighth Cause of Action.  EPISD files its action against Defendant's attorney, Mr. Mark Berry, seeking recovery of its attorney's fees pursuant to 20 U.S.C. §1415(i)(3)(B)(i)(III) on the grounds that EPISD is, or should be a prevailing party and that the complaint or subsequent cause of action was presented for any improper purpose, including to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation.

## VII. Prayer For Relief

Wherefore, EPISD respectfully requests that the Court grant it all relief requested, reverse the Hearing Officer's conclusions of law and findings of fact that EPISD has challenged as legally erroneous and unsupported by the evidence, hold that EPISD is a prevailing party in both the underlying due process hearing and this proceeding, award EPISD its' attorneys' fees, costs, and expenses, and grant it any and all additional relief to which it may be justly entitled.

Respectfully Submitted,

WALSH, ANDERSON, BROWN,
SCHULZE, & ALDRIDGE, P.C.

Joe R. Tanguma, Attorney of Record
State Bar No. 2428025
511 East John Carpenter Freeway, Suite 430
Irving, Texas  75062
(214) 574-8800 (Tel.)
(214) 574-8801 (Fax)
jtanguma@irv.wabsa.com (Email)


Elena M. Gallegos
State Bar. No. 07588870
500 Marquette, N.W., Suite 630
Albuquerque, NM 87102
(956) 971-9317 (Tel.)
(956) 971-9318 (Fax)

ATTORNEYS FOR EL PASO INDEPENDENT
SCHOOL DISTRICT

9